IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TYRELL DAVRON ANDERSON, #1790359/ #306-278, | * | |
| Petitioner | * | |
| v | * | Civil Action No. DKC-16-3551 |
| WARDEN, | * | |
| Respondent | * | |

******************************************************************************

| | | |
|---|---|---|
| TYRELL DAVRON ANDERSON, #179-0359/ 306278, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-16-3603 |
| CAPTAIN PATRICK SMITH, WARDEN of MARYLAND CORRECTION TRAINING CENTER (M.C.T.C.) DOVEY | * * * | |
| Defendants | | |

## **MEMORANDUM OPINION**

Petitioner Tyrell Davron Anderson, a Maryland Division of Correction (DOC) prisoner presently confined at the Maryland Correctional Training Center (MCTC), filed a "Writ of Mandamus" seeking release from incarceration on October 25, 2016.[1] Petitioner alleges he is entitled to immediate release because DOC officials have miscalculated the number of diminution credits to which he is entitled. (ECF No. 1 at pp. 1-2). He also requests money

---

[1] Petitioner failed to pay the civil filing fee or submit a motion and affidavit in support of leave to proceed *in forma pauperis*. As the case is subject to dismissal, Petitioner shall not be required to correct this deficiency.


damages for each day held in confinement after October 21, 2016, and alleges that the delay in his release is impacting his ability to obtain medical treatment for cancer.[2]

On October 31, 2016, the court received a typewritten paper titled "Writ of Mandamus" which contains the same allegations of miscalculation of diminution credits. The typewritten version was erroneously opened as a new civil rights complaint. *See* Civil Action No. DKC-16-3603. In light of the foregoing, the Clerk will be directed to docket the typewritten version in Civil Action No. DKC 16-3551 as a supplemental petition and Civil Action No. DKC-16-3603 will be closed.

Because this court lacks mandamus jurisdiction over the claim,[3] the petition and supplement instead shall be construed as petitions for writ of habeas corpus under 28 U.S.C. § 2241,[4] and shall be dismissed without prejudice for lack of exhaustion.

Petitioner claims he has not been given five days of industrial credit for each month he worked a sanitation detail, leading to improper calculation of his release date. The petition and supplement contain no indication that Petitioner has successfully challenged the alleged miscalculation in the Maryland courts. Absent exhaustion, the action is subject to dismissal. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973).

---

[2]   Petitioner submits a blood work report in support of his claim that he has cancer. (ECF No. 1-1). The report does not state a cancer diagnosis. Petitioner's civil rights action alleging a failure to treat and diagnose breast cancer is pending. *See Anderson v. Warden, et al.,* Civil Action No. DKC-16-3530 (D. Md.).

[3]   To the extent Petitioner is seeking an order from this court requiring state employees of the DOC to abide by state law or agency directives, he seeks mandamus relief. This court does not have jurisdiction over State employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *see also* 28 U.S.C. § 1361. Additionally, a writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *In re Beard*, 811 F.2d 818, 826 (4th Cir.1987). The claim for mandamus relief will be dismissed without prejudice for lack of jurisdiction.

[4]   *See Preiser v. Rodriguez*, 411 U. S. 475 (1973).

A prisoner challenging the way the Division of Correction is calculating his sentence computation has two possible avenues for relief in the state courts.  First, regardless of whether he believes he is entitled to an immediate release, a prisoner may challenge the calculation of his sentences and/or diminution credits through administrative proceedings by:  filing a request under the administrative remedy procedure, Division of Correction Directive 185-001 *et seq.,* to the warden of the institution where he is confined; appealing a denial of the request by the warden to the Commissioner; filing a complaint with the Inmate Grievance Office, ("IGO"); appealing a final decision of the IGO to the Circuit Court; and if necessary, filing an application for leave to appeal to the Court of Special Appeals of Maryland from the decision of the Circuit Court.  If the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, the prisoner must also seek permission to appeal to the Court of Appeals of Maryland.

A prisoner claiming an entitlement to an immediate release can also seek relief bypassing administrative remedies and proceeding directly to the state courts by filing a petition for writ of habeas corpus in a Circuit Court.[5]  If unsuccessful, the prisoner may appeal the Circuit Court decision to the Court of Special Appeals[6] and thereafter may seek permission for further review from the Court of Appeals.

---

[5]  In *Maryland House of Correction v. Fields*, 348 Md. 245, 261 (1997) the Maryland Court of Appeals held that a prisoner presenting a colorable claim of entitlement to immediate release based upon the calculation of diminution credits was entitled to seek habeas corpus relief without first exhausting his administrative remedies.  It did not address the situation where a prisoner was not claiming entitlement to immediate release. *See also* Md. Rule 15-302(a) (1).

[6]  Although at one time, this court interpreted Maryland law as not permitting an appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Maryland Court of Appeals have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits.  *See Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).

Following exhaustion of state court remedies, the prisoner may seek habeas corpus relief for constitutional claims in federal court pursuant to 28 U.S.C. § 2241, using forms available from the Clerk of Court.  At that time he may also seek damages for any harm caused by miscalculation of his term of confinement.  At present, however, this court does not have jurisdiction to consider a claim for damages emanating from the time to be served following revocation of Plaintiff's parole and his sentence calculation based on his subsequent conviction and sentence on other charges.  In light of this fact, the complaint must be dismissed without prejudice.

Petitioner has no absolute entitlement to appeal a district court's denial of his habeas corpus request.  *See* 28 U.S.C. § 2253(c) (1).  A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c) (2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).  Petitioner has failed to demonstrate entitlement to a COA in the instant case.

Accordingly, by separate order which follows, the case will be dismissed without prejudice as unexhausted.  The Clerk will be directed to provide Petitioner with the appropriate 28 U.S.C. § 2241 forms so that he may return to this court after completion of state court review.

  November 2, 2016                                    _____/s/_____
                                                                         DEBORAH K. CHASANOW
                                                                         United States District Judge

4